# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK W. RAMSEY, JR.,** *et al.*, | : | CIVIL ACTION NO. 1:16-CV-1879 |
| Plaintiffs | : | (Chief Judge Conner) |
| v. | : | |
| **BUCHANAN AUTO PARK, INC.,** *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Frank W. Ramsey, Jr., was injured while making a workplace delivery in September 2014. Ramsey filed this lawsuit, together with his wife, asserting personal-injury and breach-of-warranty claims against two defendants: Buchanan Auto Park, Inc., which owned the property where Ramsey made the delivery, and FCA US LLC ("FCA"), which provided the equipment Ramsey used to make the delivery. Defendants moved for summary judgment, and Magistrate Judge Martin C. Carlson issued separate reports recommending that the court deny both motions. FCA objects to Judge Carlson's recommendation.

I. **Factual Background & Procedural History**[1]

Ramsey worked as a delivery truck driver for TransForce. (See Doc. 72-2 ¶ 7; Doc. 74-2 ¶ 5). On September 18, 2014, Ramsey was tasked to deliver certain wheeled cages containing Chrysler automobile parts, including one cage to be delivered to Buchanan Auto Park.[2] (Doc. 72-2 ¶¶ 8, 11-12; Doc. 74-2 ¶¶ 1, 5). When Ramsey arrived at Buchanan Auto Park, he unloaded the wheeled cage from his truck and began pushing the cage to the parts delivery location. (See Doc. 72-2 ¶¶ 17-18; Doc. 79 ¶¶ 17-18). The only evidence of what happened next comes from Ramsey's deposition testimony:

> Q: Okay. So describe for me, when you were taking the cart to the delivery location, at what point in that journey did you have trouble with the -- with the cart?
>
> A: Well, when I was pushing it, you know, pushing it in, you know, to go inside of the -- and as far as I remember, too, I think there was a bay door --
>
> Q: Okay.

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Unless otherwise noted, the factual background herein derives from the parties' Rule 56.1 statements of material facts. (See Docs. 72-2, 74-2, 78, 79). To the extent the parties' statements are undisputed or supported by uncontroverted record evidence, the court cites directly to the Rule 56.1 statements.

[2] FCA (formerly Chrysler Group LLC) disputes ownership of the wheeled cage. (See Doc. 73 at 1 n.1). It accepts this allegation for purposes of its Rule 56 argument only. (See id.)

2

> A: -- that was open. When I was pushing it, it hit something, and now I know it was the ditch. It hit a ditch. So I had to leave -- I had to come around on the side and -- as I was trying to shake it for the wheel to straighten up to get out of the ditch, it started leaning over. And so I was trying to hold it and that's when I -- I twisted and had my hand -- see, the -- the -- it's a cage so -- and the only way you can get a grip on it is I had to put my fingers in between --
>
> Q: In the holes?
>
> A: -- in the holes. So when it hit the ditch and I was trying to get it out the ditch, it was tilted and, you know, I just had to go, you know, tilt, tilt back like that and twisted my hand and strained my back, I guess. I mean, I don't know what it did to my back but pulled something in my back. And -- and I think that it was the wheel wouldn't straighten up. Now, if the wheel had straightened up, it would've rolled off, I believe, would've come right on off, you know, out of the hole and everything. But then, I, you know, -- I finally got it out and I -- I -- jiggled it, you know, to get it over the –
>
> Q: To get it out of the ditch?
>
> A: -- threshold, yeah. Get it out of the edge and over the threshold.

(Ramsey Dep. 61:22-63:3).[3] Ramsey eventually "jiggled" the cage free from the ditch, completed the delivery to Buchanan Auto Park, and continued with the rest of the night's deliveries. (Doc. 72-2 ¶¶ 23, 26).

---

[3] Deposition transcripts have been filed by the parties at numerous, separate docket entries. We will cite to full deposition transcripts as "[Name] Dep." without repeating the docket entry citations *passim*.

Ramsey estimated that the ditch was "maybe" one inch deep and eight inches wide. (Ramsey Dep. 64:1-6). He does not recall how tall the cage's wheels were or whether the ditch was deeper than the wheels. (See id. at 64:7-14). Ramsey testified that he did not recall having other problems with the specific cage on the day in question, but that, in the past, wheels on the cages would sometimes "lock up because they're defective." (Doc. 72-2 ¶ 24; Doc. 79 ¶ 24; Ramsey Dep. 58:22-59:14). Ramsey conceded that "[i]t is a possibility" that his past difficulties with pushing the cages was "not because of any defect in the wheel, but because it's facing the wrong way, the wheel is facing in the wrong way." (Ramsey Dep. 59:15-20). Ramsey also testified that the cages were "top heavy a lot of times" and that the one he delivered to Buchanan Auto Park on September 18 was "kind of top heavy." (Id. at 59:1-59:2, 68:5-7).

Ramsey filed this action, together with his wife, on September 13, 2016. The case is now proceeding on an amended complaint which asserts five claims: negligence and loss of consortium as to Buchanan Auto Park, and negligence, loss of consortium, and breach of warranty as to FCA. Among other damages, Ramsey seeks compensation for personal injuries, including surgical intervention for his right wrist, as well as past and future lost wages and medical expenses.

## II. Legal Standards

### A. Review of Magistrate Judge's Report & Recommendation

When a party objects to a magistrate judge's report and recommendation, the district court undertakes *de novo* review of the contested portions of the report. See E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); see also FED. R. CIV. P. 72(b)(3). In this regard, Local Rule of Court 72.3 requires written objections to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." LOCAL RULE OF COURT 72.3. We afford "reasoned consideration" to uncontested portions of the report before adopting it as the decision of the court. City of Long Branch, 866 F.3d at 100 (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)).

### B. Summary Judgment

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. FED. R. CIV. P. 56(a). The burden of proof tasks the non-moving party to come forward with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court is to view the evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir.

5

2014). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986). Only if this threshold is met may the cause of action proceed. See Pappas, 331 F. Supp. 2d at 315.

### III. Discussion

Judge Carlson recommends that the court deny both defense motions for summary judgment. As to Buchanan Auto Park, Judge Carlson concludes that the question of superseding causation is inherently factual and must be submitted to a jury. As to FCA, Judge Carlson rejects the assertion that expert testimony is necessary to support Ramsey's negligence and breach-of-warranty claims. Only FCA has objected to Judge Carlson's recommendations.

#### A. FCA's Motion for Summary Judgment

Ramsey asserts claims for negligence and breach of warranty against FCA. Culled to their essence, these claims are premised on Ramsey's allegation that FCA provided him a "dangerous" equipment cage with a "defective wheel" for delivery to Buchanan Auto Park on September 18, 2014, causing him to suffer injuries when the cage became lodged in a "ditch" on the property. (Doc. 7 ¶¶ 23-34; see Doc. 79-3 at 4).

In its summary judgment motion, FCA focuses chiefly on Ramsey's failure to produce expert opinion evidence as to both the alleged defect in the wheeled cage and his claimed damages. (See Doc. 73 at 5-9). FCA also contends that, even if no

expert testimony is required, the record is devoid of other objective evidence from which a jury could find that the cage's wheels were defective and that the defect caused Ramsey's injury.[4]  (See Doc. 73 at 9-11; Doc. 80 at 5-7).  Ramsey rejoins that, because his claims sound in negligence and breach-of-warranty rather than product liability, his own testimony provides ample evidence to survive Rule 56 scrutiny.  (See Doc. 79-3 at 4-5).

A negligence claim under Pennsylvania law requires proof of four elements: (1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty by the defendant, (3) a causal link between the conduct complained of and the injury in question, and (4) actual loss or damage resulting to the plaintiff.  Farabaugh v. Pa. Tpk. Comm'n, 911 A.2d 1264, 1272-73 (Pa. 2006) (citing R.W. v. Manzek, 888 A.2d 740, 746 (Pa. 2005)); Berrier v. Simplicity Mfg., Inc., 563 F.3d 38, 61 (3d Cir. 2009) (quoting Phillips v. Cricket Lighters, 841 A.2d 1000, 1008 (Pa. 2003)).  Assuming *arguendo* that FCA owed Ramsey the duty he alleges—"to provide . . . safe and properly functioning equipment and devices with which to work," (Doc. 7 ¶ 23)— Ramsey has failed to carry his Rule 56 burden as to at least the second and third elements.

Ramsey cites his own testimony, and only that testimony, to support his claim that FCA breached a duty to provide safe, non-defective, and properly functioning

---

[4] The report does not address these evidentiary and causation aspects of FCA's motion and instead focuses on the expert-testimony issue.  We consider this argument, reasserted in FCA's objection, (see Doc. 90 at 8-12), under a *de novo* standard of review.

7

equipment and that this breach contributed to his injury on September 18, 2014. (See generally Doc. 79; see also Doc. 79-3 at 4-5).  The problem for Ramsey is that his testimony is tenuous, uncertain, ambiguous, and conjectural.  Ramsey testified that he did not recall having trouble with the wheels on the cage at issue before encountering the ditch on Buchanan Auto Park's property.  (Ramsey Dep. 68:8-10). Ramsey offered that he "think[s]" and "assum[es]" that the wheel "wouldn't straighten up" after it became stuck in the ditch.  (Id. at 62:19-23, 67:23-68:3).  He then hypothesized—"I believe"— that the wheel straightening up may have allowed him to push the cage over the threshold.  (Id. at 62:19-23, 67:23-68:3).  Ramsey could not recall if he looked at the wheels on that night, could not describe the wheels, and did not explain what about the wheels contributed to the alleged defect.  (See, e.g., id. at 50:13-19, 59:21-60:4, 64:7-14).  And he conceded the possibility that past difficulties pushing similar wheeled cages might have been caused by "the wheel . . . facing in the wrong way" rather than a defect in the wheel.  (Id. at 59:15-20).

This speculative and equivocal testimony is the only evidence in the Rule 56 record to support Ramsey's negligence claim.  We agree with FCA that it is not enough.  Summary judgment is "put up or shut up time" for the nonmovant.  See Daubert v. NRA Grp., 861 F.3d 382, 391 (3d Cir. 2017) (citation omitted).  Ramsey must support his claim with evidence and demonstrate that genuine disputes of *fact* remain for trial.  See FED. R. CIV. P. 56(e).  Speculation, conjecture, and suspicion will not suffice.  See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 252 (3d Cir. 2010) (citing Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989));

Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting Celotex Corp., 477 U.S. at 325). No reasonable jury could find that a defective wheel caused Ramsey's injury when Ramsey himself—the only witness on the subject—is not sure whether that defect existed or in fact caused his injury. FCA is entitled to summary judgment as to Ramsey's negligence claim.[5]

The same deficiencies doom Ramsey's breach-of-warranty claim. Assuming FCA warranted anything to Ramsey when it supplied a wheeled cage for delivery of its equipment, Ramsey has not shown a breach of that warranty. The parameters of this claim are set forth in Ramsey's amended complaint, where he alleges broadly that the cage "did not meet the standards of fitness for its intended use" and "was not suitable or safe for such use but was instead unreasonably dangerous when used for its intended purpose." (Doc. 7 ¶¶ 31-32). But Ramsey's evidence fails to substantiate these allegations. Nothing in the record establishes a standard of fitness to measure his claim against. Nor is there any evidence (beyond Ramsey's speculation) from which a juror could find that the cage was "unsuitable," "unsafe," or "unreasonably dangerous," or otherwise failed to meet applicable standards.

---

[5] Because the loss-of-consortium claim asserted by Ramsey's wife is "derivative" of Ramsey's tort claim, Shuker v. Smith & Nephew, PLC, 885 F.3d 760, 777-78 (3d Cir. 2018) (citing Darr Constr. Co. v. Workmen's Comp. Appeal Bd., 715 A.2d 1075, 1079-80 (Pa. 1998)), we will grant FCA's motion as to that claim as well.

Accordingly, FCA is also entitled to summary judgment on Ramsey's breach-of-warranty claim.[6]

### B. Buchanan Auto Park's Motion for Summary Judgment

Ramsey asserts a premises-liability negligence claim against Buchanan Auto Park, and his wife asserts a corollary loss-of-consortium claim. In its Rule 56 motion, Buchanan Auto Park posits that Ramsey's conduct in shaking the subject cage was a superseding cause of his injury, thus relieving Buchanan Auto Park of tort liability to either plaintiff. (See Doc. 75 at 3-4). Buchanan Auto Park has not objected to Judge Carlson's recommendation that the court deny its summary judgment motion.

We agree with and will adopt in full Judge Carlson's recommendation on the issue of superseding causation. Under Pennsylvania law, a superseding cause is an intervening force or act that is "so extraordinary as to not have been reasonably foreseeable." Bole v. Erie Ins. Exch., 50 A.3d 1256, 1259, 1260-61 (Pa. 2012) (quoting Von der Heide v. Commonwealth, Dep't of Transp., 718 A.2d 286, 288

---

[6] Because we find that Ramsey's claim would fail under Rule 56 scrutiny even if expert testimony were unnecessary, we need not address Judge Carlson's analysis on that subject. We also do not address the additional theory, raised for the first time by the report, that the wheeled cage may have been defective due to being "top heavy." (Doc. 89 at 12-13). This theory is not invoked in Ramsey's amended complaint, which speaks only to a purportedly defective wheel. (See Doc. 7 ¶¶ 12, 33 (alleging that the cage had "an improperly functioning wheel" or "defective wheel" which "made the fully loaded and heavy cage more difficult to operate . . . and more p[r]one to tipping")). Nor is this theory asserted in Ramsey's Rule 56 briefing. (See Doc. 79-3 at 5 (couching claim in terms of "systemic issues [Ramsey] encountered with the wheels of the cages")). We do not read Ramsey's amended complaint as alleging that FCA breached a duty or implied warranty to him *vis-à-vis* the weight distribution within the wheeled cage.

10

(Pa. 1998)). The defense, by its nature, is a poor candidate for Rule 56 disposition. As Judge Carlson aptly observes, Pennsylvania courts have consistently held that the question of superseding causation is most appropriately put to the jury. (Doc. 87 at 8-12 (collecting cases)); see Bole, 50 A.3d at 1261 (citing Powell v. Drumheller, 653 A.2d 619, 624 (Pa. 1995)). We agree with Judge Carlson that Buchanan Auto Park is not entitled to summary judgment.

### IV. Conclusion

We will adopt Judge Carlson's recommendation as to Buchanan Auto Park but decline to adopt the recommendation as to FCA. Accordingly, we will grant FCA's motion for summary judgment and deny Buchanan Auto Park's motion for summary judgment. We will also deny FCA's pending motions *in limine* as moot. An appropriate order shall issue.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania

Dated: January 14, 2020